Filed 8/28/14  P. v. Caballero CA2/4
**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE, | B248232 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. MA043902) |
| v. | ORDER MODIFYING OPINION [NO CHANGE IN JUDGMENT] |
| RODRIGO CABALLERO, | |
| Defendant and Appellant. | |

THE COURT:*

It is ordered that the unpublished opinion filed August 19, 2014, be modified as follows:

On page 1, in the first sentence the judge's name is corrected to read:  "Hayden Zacky, Judge."

There is no change in judgment.

_____

*EPSTEIN, P. J.            WILLHITE, J.            MANELLA, J.

Filed 8/19/14 (unmodified version)

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE, | B248232 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. MA043902) |
| v. | |
| RODRIGO CABALLERO, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Hayden Zackey, Judge. Affirmed.

Verna Wefald, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Lance E. Winters, Assistant Attorney General, Shawn McGahey Webb and Jonathan J. Kline, Deputy Attorneys General, for Plaintiff and Respondent.

_____

This is an appeal after remand for resentencing. Appellant, who was 16 years old at the time of his crimes, was originally sentenced to 110 years to life in prison. After this court affirmed his conviction, he successfully challenged his sentence as cruel and unusual punishment. The Supreme Court reversed, and we then remanded to the trial court for resentencing. He was sentenced to 40 years to life. He again claims this sentence violates the Eighth Amendment prohibition against cruel and unusual punishment because, he argues, the trial court failed to consider mitigating evidence, and that this sentence does not give him a meaningful opportunity for release based on demonstrated maturity and rehabilitation, as required under *Graham v. Florida* (2010) 560 U.S. 48 (*Graham*) and *Miller v. Alabama* (2012) 567 U.S. ___ [132 S. Ct. 2455]. He asserts recently enacted Penal Code section 3051, subdivision (b)(2),[1] which provides for a parole hearing within 25 years for a juvenile offender sentenced to a term of 25 years to life, does not avoid the Eighth Amendment violation. He also argues these claims were not forfeited by his counsel's failure to object at the sentencing hearing.

In the interest of judicial efficiency, we address the sentencing claims to forestall a later claim of ineffective assistance of counsel, despite counsel's lack of objection. The opinions in this case by the Supreme Court and by this court detailed appellant's mental illness and background, and the trial court acknowledged on the record that it had read these opinions. From this, we infer the trial court considered the relevant mitigating factors before imposing a greatly reduced sentence. We also conclude the 40 years to life sentence is not the functional equivalent of a sentence of life without possibility of parole, and that the provision for a parole hearing within 25 years under section 3051 provides appellant with a meaningful opportunity for release based on maturity and rehabilitation. His sentence does not violate the Eighth Amendment, and we affirm the judgment.

---

[1] All statutory references are to the Penal Code.

**FACTUAL AND PROCEDURAL SUMMARY**

In June 2007, appellant Rodrigo Caballero, then 16 years old, opened fire on three teenage boys who were members of a rival gang. One was hit in the upper back, the other two were not hit. A juvenile petition alleged three counts of attempted murder (§§ 664, 187, subd. (a)) and three counts of assault with a semiautomatic weapon (§ 245, subd. (b)), with gang and weapon enhancements. The court and counsel declared a doubt as to appellant's mental competence to proceed. Examining psychologists were of the opinion that appellant suffered from "Schizophrenia, Paranoid Type" and that he lacked competence to waive his fitness hearing to determine if his case should remain in juvenile court. Based on the reports and stipulation of counsel, the juvenile court found appellant mentally incompetent and criminal proceedings were suspended.

A year later, after treatment with antipsychotic medication, appellant was found competent, and then found unfit to remain in juvenile court. The petition was dismissed and a complaint was filed in adult court. Appellant was convicted of three counts of attempted murder. The jury found true the allegations that appellant personally and intentionally discharged a firearm (§ 12022.53, subds. (c), (d)), inflicted great bodily harm on one victim (§ 12022.7), and committed the crimes for the benefit of a criminal street gang (§ 186.22, subd. (b)(1)(C)). Appellant was sentenced to 15 years to life for the first attempted murder count, plus a consecutive 25 years to life for the firearm enhancement. For the second attempted murder, the court imposed an additional consecutive term of 15 years to life, plus 20 years for the firearm enhancement. For the third attempted murder, the court imposed another consecutive term of 15 years to life, plus 20 years for the firearm enhancement. Appellant's total sentence was 110 years to life.

On appeal (*People v. Caballero* (Nov. 27, 2012, B217709) [nonpub. opn.]), appellant claimed his mental illness rendered the trial and ensuing punishment fundamentally unfair, he was denied effective assistance of counsel, and instruction on lesser included offenses would have affected the outcome of the trial. Appellant also filed a habeas petition (*In re Rodrigo Caballero* (Nov. 27, 2012, B221833 [nonpub.

3

opn.]) asserting that his incompetency rendered the trial and conviction fundamentally unfair, and that his counsel was ineffective for failing to assert his mental incompetency. At oral argument, appellant requested a remand for resentencing, in light of the United States Supreme Court's recent decision in *Graham, supra,* 560 U.S. 48, that it is unconstitutional to impose a life without parole sentence on a juvenile offender who did not commit murder. The parties were given an opportunity to brief the matter. In an opinion filed January 18, 2011, this court rejected appellant's claim that his sentence of 110 years to life is cruel and unusual punishment under *Graham*. We read *Graham* to be limited to cases where a juvenile offender *actually* receives a sentence of life without the possibility of parole for a nonhomicide offense, not to sentences like appellant's. We affirmed the judgment in its entirety and denied the habeas petition. The portion of the opinion upholding the constitutionality of appellant's sentence was certified for publication.

The Supreme Court granted review. In *People v. Caballero* (2012) 55 Cal.4th 262 (*Caballero*), the court held that "sentencing a juvenile offender for a nonhomicide offense to a term of years with a parole eligibility date that falls outside the juvenile offender's natural life expectancy constitutes cruel and unusual punishment in violation of the Eighth Amendment." (*Id.* at p. 268.) Under *Graham*, the sentencing court must consider the mitigating circumstances in the juvenile's crime and life, including age at the time of the crime, the juvenile offender's role in the crime, and his or her physical and mental development, so that it can impose a time when the juvenile offender will be able to seek parole from the parole board based on maturity and rehabilitation. (*Id.* at pp. 268-269.) The judgment was reversed and the case remanded to this court for reconsideration.

In the opinion filed November 27, 2012, we again rejected appellant's challenges to his conviction, but reversed the judgment and remanded the matter to the trial court for resentencing. We instructed the trial court to "fashion a sentence that gives defendant 'some meaningful opportunity to obtain release based on demonstrated maturity and rehabilitation.' (*Graham, supra*, 560 U.S. at p. [75].) This is not to say that defendant

4

should not receive a sentence commensurate with the senseless violent shooting for which he is solely responsible. However, the sentence cannot foreclose the possibility that defendant may someday, within a reasonable timeframe considering his age and circumstances, have the opportunity to convince a parole board that he no longer poses a danger to society."

On remand, the People asked the court not to resentence appellant, but to set a parole hearing date. The trial court sentenced defendant to 40 years to life, as follows: on count one, 15 years to life with a consecutive 25 years to life for the firearm enhancement; on counts two and three, 15 years to life plus 20 years for the firearm enhancements, to run concurrent to the term for count one. Appellant filed a timely appeal from the judgment.

## DISCUSSION

### I

At his resentencing hearing, appellant did not object to his sentence on grounds that it amounted to cruel and unusual punishment, nor did he ask the trial court to consider evidence that he was diagnosed with schizophrenia as mitigating evidence. Respondent correctly notes failure to raise these issues in the trial court forfeits the claims on appeal. (See *People v. Scott* (1994) 9 Cal.4th 331, 353.) Although appellant has technically forfeited the issues on appeal by not objecting in the trial court, "we 'shall reach the merits under the relevant constitutional standards, in the interest of judicial economy to prevent the inevitable ineffectiveness-of-counsel claim.' (*People v. Norman* (2003) 109 Cal.App.4th 221, 229-230.)" (*People v. Russell* (2010) 187 Cal.App.4th 981, 993.)

### II

Appellant claims the trial court failed to consider mitigation evidence, as required under controlling Supreme Court law. In *Graham, supra*, 560 U.S. 48, the high court held that "for a juvenile offender who did not commit homicide the Eighth Amendment forbids the sentence of life without parole." (*Id*. at p.74.) The court explained that as compared to an adult murderer, "a juvenile offender who did not kill or intend to kill has

5

a twice diminished moral culpability"—both because of his crime and because of his undeveloped moral sense.  (*Id.* at p. 69.)  "As compared to adults, juveniles have a '"lack of maturity and an underdeveloped sense of responsibility"'; they 'are more vulnerable or susceptible to negative influences and outside pressures, including peer pressure'; and their characters are 'not as well formed.'  [*Roper v. Simmons* (2005) 543 U.S. 551,] 569-570.  These salient characteristics mean that '[i]t is difficult even for expert psychologists to differentiate between the juvenile offender whose crime reflects unfortunate yet transient immaturity, and the rare juvenile offender whose crime reflects irreparable corruption.'  *Id*. at 573.  Accordingly, 'juvenile offenders cannot with reliability be classified among the worst offenders.'  *Id*. at 569."  (*Graham, supra*, at p. 68.)

In *Miller v. Alabama, supra*, 567 U.S. ___ [132 S.Ct. 2455], the high court extended *Graham's* reasoning to homicide cases, holding that "the Eighth Amendment forbids a sentencing scheme that mandates life in prison without possibility of parole for juvenile offenders."  (*Id.* at p. *2469.)  "Mandatory life without parole for a juvenile precludes consideration of his chronological age and its hallmark features—among them, immaturity, impetuosity, and failure to appreciate risks and consequences.  It prevents taking into account the family and home environment that surrounds him—and from which he cannot usually extricate himself—no matter how brutal or dysfunctional.  It neglects the circumstances of the homicide offense, including the extent of his participation in the conduct and the way familial and peer pressures may have affected him.  Indeed, it ignores that he might have been charged and convicted of a lesser offense if not for incompetencies associated with youth—for example, his inability to deal with police officers or prosecutors (including on a plea agreement) or his incapacity to assist his own attorneys."  (*Id.* at p. *2468.)  "And finally, this mandatory punishment disregards the possibility of rehabilitation even when the circumstances most suggest it."  (*Ibid.*)

In *Caballero*, our Supreme Court found these precedents applicable to appellant, noting that *Miller* "made it clear that *Graham's* 'flat ban' on life without parole sentences applies to all nonhomicide cases involving juvenile offenders, including the term-of-years

6

sentence that amounts to the functional equivalent of a life without parole sentence imposed in this case." (*Caballero*, *supra*, 55 Cal.4th at pp. 267-268.) As sentenced, appellant would have to serve a minimum of 110 years before becoming parole eligible, and thus would not have a "'realistic opportunity to obtain release'" from prison during his expected lifetime. (*Ibid*.) "[S]entencing a juvenile offender for a nonhomicide offense to a term of years with a parole eligibility date that falls outside the juvenile offender's natural life expectancy constitutes cruel and unusual punishment in violation of the Eighth Amendment. Although proper authorities may later determine that youths should remain incarcerated for their natural lives, the state may not deprive them at sentencing of a meaningful opportunity to demonstrate their rehabilitation and fitness to reenter society in the future. Under *Graham's* nonhomicide ruling, the sentencing court must consider all mitigating circumstances attendant in the juvenile's crime and life, including but not limited to his or her chronological age at the time of the crime, whether the juvenile offender was a direct perpetrator or an aider and abettor, and his or her physical and mental development, so that it can impose a time when the juvenile offender will be able to seek parole from the parole board. The Board of Parole Hearings will then determine whether the juvenile offender must be released from prison 'based on demonstrated maturity and rehabilitation.' ([*Graham*, *supra*,] 560 U.S. at p. 75.)" (*Caballero*, *supra*, 55 Cal.4th at pp. 268-269.)

In challenging his sentence in this court and in the Supreme Court, the only mitigating factors appellant has pointed to are his age and mental illness, both of which were known to the trial court at his March 22, 2013 resentencing hearing. At appellant's request, we have taken judicial notice of the briefing before the Supreme Court in *Caballero*. The appellate briefing, served on the trial court, described appellant's mental health problems and symptoms with specificity. The amicus curiae brief of Pacific Juvenile Defender Center on appellant's behalf describes appellant's family life and indicates his behavior was related to mental illness, not to an abusive family or life history.

7

The trial court indicated its familiarity with the Supreme Court opinion and the opinion of this court remanding the matter for resentencing. The Supreme Court decision noted appellant's age at the time of the crimes, and described him as "a diagnosed schizophrenic." (*Caballero*, *supra*, 55 Cal.4th at p. 265.) This court's opinion provided far more detail about appellant's mental disability, including the psychologist's opinion that he suffered from "Schizophrenia-Paranoid Type," which caused him to be delusional and rendered him incapable of cooperating with counsel. The opinion noted appellant initially had been found mentally incompetent in juvenile court, and the proceedings only resumed after he had regained competency through the use of antipsychotic medication. The opinion quoted the portion of the trial when appellant gave inconsistent answers regarding his desire to testify on his own behalf; the trial court was a party to that exchange, which reflected on appellant's understanding of the proceedings. The court indicated it had discussed the matter of resentencing with counsel and "given them an idea of where I was coming from here."

On this record, it is reasonable to infer the trial court gave the requisite consideration to the factors set out in *Graham* and *Caballero* including appellant's age, maturity, and mental ability. Unless the record affirmatively indicates differently, the trial court is deemed to have considered all relevant sentencing criteria, including mitigating factors. (*People v. King* (2010) 183 Cal.App.4th 1281, 1322.) There is no requirement that the trial court expressly recite the mitigating factors considered, or any reasons for rejecting these factors. (*Ibid*.)

The trial court expressed frustration with the guidance provided by the Supreme Court and by this court: "I believe that both the Court of Appeal and the California Supreme Court did not provide sufficient guidance to trial courts with respect to what to do when re-sentencing a minor convicted of a non-homicide related offense. For example, I think that if either of those courts had simply stated that the sentence may remain but the court must set a parole hearing date, let's say, within 25 years, that would have been clear, it would have been express and explicit. But that's not what happened in either the Court of Appeal or Supreme Court decision."

Without a direct indication that setting a parole hearing date would overcome the constitutional problem, the trial court instead reduced appellant's sentence significantly. In place of his original sentence of 110 years to life, appellant was resentenced to 40 years to life. This reduced sentence is not the equivalent of life without parole. Appellant was 16 at the time of his crimes. With a 40-year-to-life sentence, he would be parole eligible by the age of 56; he presents no authority that this is outside his normal life expectancy. In *People v. Perez* (2013) 214 Cal.App.4th 49, 57-58, the defendant would be 47 at the time he became eligible for parole. Although "[h]ow *much* life expectancy must remain at the time of eligibility for parole" to satisfy the Eighth Amendment had not yet been fleshed out in the case law, the court concluded that at age 47, Perez would have plenty of time left for a meaningful opportunity to obtain release based on demonstrated maturity and rehabilitation, as required by *Graham*. At age 56, appellant also can expect to have sufficient normal life expectancy to permit a meaningful opportunity to obtain release based on his demonstrated maturity and rehabilitation, as required by *Graham* and *Caballero*.

### III

Recent legislation assures appellant a parole hearing even sooner. Section 3051 (Stats. 2013, ch. 312, § 4), provides dates certain for parole hearings for youth offenders. As pertinent to appellant, a juvenile offender sentenced to a life term of 25 years to life shall receive a youth offender parole hearing during his or her 25th year of incarceration. (§ 3051, subd. (b)(3).) The parole hearing "shall provide for a meaningful opportunity to obtain release." (§3051, subd. (e).) "In assessing growth and maturity, psychological evaluations and risk assessment instruments, if used by the board, shall be administered by licensed psychologists employed by the board and shall take into consideration the diminished culpability of juveniles as compared to that of adults, the hallmark features of youth, and any subsequent growth and increased maturity of the individual." (§3051, subd. (f)(1).) This statute was enacted to satisfy the concerns expressed by the United States Supreme Court in *Miller* and *Graham*, and by the California Supreme Court in

9

*Caballero*.  (See Stats. 2013, ch. 312, § 4.)  Appellant will be entitled to a parole hearing during his 25th year of incarceration; he will be 41 at that time.

Appellant's sentence on remand does not violate the Eighth Amendment prohibition against cruel and unusual punishment.

**DISPOSITION**

The judgment is affirmed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS.**

EPSTEIN, P. J.

We concur:

WILLHITE, J.

MANELLA, J.

10